RECEIVED
IN MONROE, LA

AUG 2 3 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| R. T. FAULK, III, ET AL. | CIVIL ACTION NO. 07-0554 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNION PACIFIC RAILROAD COMPANY | MAG. JUDGE MARK L. HORNSBY |

## RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 17] filed by Defendant Union Pacific Railroad Company ("Union Pacific "). For the following reasons, Union Pacific's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Union Pacific operates a railroad right of way system that runs through an approximately 5-mile section of property in Ouachita Parish, Louisiana, which Plaintiffs allege they own or lease. There are four (4) public crossings and between ten (10) and twelve (12) private crossings over Union Pacific's rights of way on this property. Plaintiffs allege that they or their predecessors in interest have used the private crossings over the railroad in critical farming operations since the rights of way were granted to Union Pacific's predecessors in the late 1880s. Plaintiffs allege Union Pacific has already closed some of these private crossings, and Union Pacific acknowledges that it has posted notices declaring its intent to close more of the crossings. [Doc. No. 16, ¶ 7]. Plaintiffs allege these closures will impose a significant burden on them and impair their title beyond the limits of the rights of way granted to Union Pacific's predecessors in title.

On January 22, 2007, Plaintiffs R.T. Faulk, III; Corey Farms, LLC; Faulk Farms, Inc.;

Joanne Hodges; River Valley Properties; McHenry Farms, LLC; Sherman Shaw; Mrs. T. P.

Godwin; and William P. Nadler (collectively, "Plaintiffs") filed suit against Union Pacific in the

Fourth Judicial District, Ouachita Parish, Louisiana, requesting declaratory and injunctive relief

preventing Union Pacific from closing the private crossings and requiring it to reopen crossings

it has already closed. Plaintiffs also ask the Court to declare that Union Pacific is obliged to

properly maintain the natural drainage of water across its rights of way and that it is not

satisfying that obligation.

On March 21, 2007, Union Pacific removed the case to this Court on the basis of

diversity jurisdiction. [Doc. No. 1].

On December 21, 2007, Union Pacific filed a Counterclaim against Plaintiffs [Doc. No.

16], requesting declaratory and injunctive relief allowing it to close the private crossings and

preventing Plaintiffs from interfering in the closures and from creating new crossings.

On January 11, 2008, Union Pacific filed a Motion for Summary Judgment arguing that it

is entitled to summary judgment on Plaintiffs' claims because they have not provided sufficient

evidence of ownership of the land and, therefore, cannot prove they have a right to the private

railroad crossings. [Doc. No. 17]. On February 15, 2008, Plaintiffs filed an Opposition to

Summary Judgment. [Doc. No. 25]. On February 29, 2008, Union Pacific filed a Reply to

Plaintiffs' Opposition. [Doc. No. 32]. On March 17, 2008, Plaintiffs McHenry Farms, LLC;

Mrs. T. P. Godwin; and William P. Nadler filed a Reply to the Motion for Summary Judgment.

[Doc. No. 41].

On April 9, 2008, the case was stayed pending the outcome in a similar case then before

the Fifth Circuit Court of Appeals, *Franks Inv. Co. v. Union Pac. R.R.*, 593 F.3d 404 (5th Cir.

2

2010). On January 20, 2010, the stay was lifted after the Fifth Circuit rendered a decision in *Franks*.

On March 2, 2010, Union Pacific's Motion for Summary Judgment was reopened. On April 16, 2010, Plaintiffs filed a Supplemental Opposition to the Motion for Summary Judgment. [Doc. No. 76]. On May 17, 2010, Union Pacific filed a Reply to the Supplemental Opposition. [Doc. No. 83]. On May 26, 2010, Plaintiffs filed a Rebuttal to Union Pacific's Reply [Doc. No. 88], and on June 8, 2010, Union Pacific filed a Response to the Rebuttal. [Doc. No. 89].

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of informing the Court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Id.* "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

If the moving party meets the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache*

3

*Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.   Analysis**

Union Pacific argues that Plaintiffs have failed to show that they own the land over which its rights of way run, and, therefore, have not shown they have a right to the private crossings. Plaintiffs respond that Union Pacific has no right to close the crossings, because they have existed and been in continuous use since the grant of the rights of way and because the grantee of a right of way has no authority to prevent the grantor from crossing the right of way.

**1.   Relevant Louisiana Property Law**

In *Franks*, the Fifth Circuit held that Louisiana property law applies to routine, general disputes about parties' rights regarding railroad crossings. 593 F.3d at 413, 415. Accordingly, the Court applies Louisiana property law.

Book VII, Title II, Chapter 1 of the Louisiana Code of Civil Procedure sets out three types of actions through which one can assert ownership or possession of immovable property or of a real right therein. *Lafourche Realty Co. v. Duard Eymard Co., Inc.*, 93-1278, p.3 (La. App. 1 Cir. 6/24/94); 638 So.2d 1138, 1139. First, the petitory action allows one who is not in possession to assert ownership. LA. CODE CIV. PROC. art. 3651. Second, the possessory action allows one who has been disturbed in his or her possession to be restored without proving ownership. LA. CODE CIV. PROC. arts. 3655, 3661. Third, one who is in possession may raise the issues of possession and ownership in the same suit by bringing an action for declaratory

4

judgment. LA. CODE CIV. PROC. art. 3654; *see also Lafourche Realty Co.*, 93-1278, p. 3; 638 So.2d at 1139.

In a petitory action, possession by the defendant determines the burden of proof. LA. CODE CIV. PROC. art. 3653. If the court finds the defendant is in possession, the plaintiff must prove ownership, but if the defendant is not in possession, the plaintiff need only prove a better title than the defendant. *Id.*

A possessory action is one in which a possessor of immovable property or of a real right therein may bring suit to maintain or restore his possession of the property or enjoyment of the right when he has been disturbed or evicted. LA. CODE CIV. PROC. art. 3655. This action is based on the principle that an aggrieved party must not take the law into its own hands when evicting one in possession, but must seek remedies before the court. *See Hermitage Planting & Mfg. Co. v. Higgason,* 14 So. 919 (La. 1894).

"In a possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue." LA. CODE CIV. PROC. art. 3661. However, "[a] plaintiff in a possessory action shall be one who possesses for himself." LA. CODE CIV. PROC. art. 3656. To maintain the action, the possessor must prove that:

(1)    He had possession of the property or real right at the time the disturbance occurred;

(2)    He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance . . . ;

(3)    The disturbance was one in fact or in law . . . ; and

(4)    The possessory action was instituted within a year of the disturbance.

A party may not maintain both a petitory and possessory action in the same suit, and if he attempts to do so, he waives the possessory action. LA. CODE CIV. PROC. art. 3657. However,

when the issue of ownership is presented in an action for a declaratory judgment, "the court shall render judgment in favor of the party . . . [w]ho would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves . . . ownership." LA. CODE CIV. PROC. art. 3654(1). When neither party would be entitled to possession in a possessory action, the court must render judgment in favor of the party "[w]ho proves better title . . . ." LA. CODE CIV. PROC. art. 3654(2).

The Court may also grant injunctive relief "to protect or restore possession of immovable property or of a real right therein . . . to: (1) [a] plaintiff in a possessory action, during the pendency thereof; and (2) [a] person . . . disturbed in the possession which he and his ancestors in title have had for more than a year . . . ." LA. CODE CIV. PROC. art. 3663.

In Plaintiffs' most recent brief, they bring the Court's attention to Louisiana Revised Statute 48:394, enacted June 30, 2008, and amended June 30, 2010.[1] As amended, the statute provides:

> A. (1) Any railroad company operating in this state which desires to close or remove a private crossing shall, no less than one hundred eighty days prior to the proposed closing or removal, provide a written request by registered or certified mail to the Louisiana Public Service Commission . . . .
>
> B. No private crossing shall be closed or removed by any railroad company until after a public hearing by the Louisiana Public Service Commission at which parties in interest have had an opportunity to be heard. . . .
>
> C. If, after such public hearing, the commission determines that the private railroad crossing unreasonably burdens or substantially interferes with rail transportation, the commission shall publish . . . a notice stating the manner in which such closure or removal shall be made and the date of such.[2]

---

[1] Plaintiffs also listed La. Rev. Stat. 48:394 in their Amended Answer [Doc. No. 82] as a defense to Union Pacific's Counterclaim.

[2] The Middle District of Louisiana recently held that La. Rev. Stat. 48:394 is not facially preempted by the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. §

6

## 2. Union Pacific's Motion for Summary Judgment

### a. Closure of the Crossings

In its Motion for Summary Judgment, Union Pacific argues that Plaintiffs have brought a petitory action and thus must prove ownership of a property interest in the private crossings to maintain their action. [*See* Doc. No. 17-2, p. 2, citing LA. CIV. CODE art. 531 and LA. CODE CIV. PROC. arts. 3541-54]. Union Pacific contends Plaintiffs cannot do so.

In response, Plaintiffs argue that they need only raise a genuine issue of fact as to ownership to defeat summary judgment and that the various records they have submitted are sufficient to meet their burden. With their Opposition, Plaintiffs submitted additional affidavits and documents supporting ownership. These documents include several unsigned documents each titled "Deed to Right of Way," which Plaintiffs allege are records of the original right of way agreements made by the parties' predecessors. [Doc. No. 25-3, pp. 38-47].

Union Pacific replies that Plaintiffs' evidence is insufficient to prove ownership and avoid summary judgment because Plaintiffs have not identified the subject property, established chain of title, or shown who signed the deeds of right of way. Union Pacific further argues that, even if the Court found Plaintiffs had established ownership and then relied on the deeds of right of way to determine the substance of the agreements between the parties, the deeds of right of way do not reserve the landowners' rights to cross Union Pacific's rights of way.

With regard to any private crossings in existence on or after June 30, 2008, the Court need not reach a determination on whether Plaintiffs must prove ownership of the subject property. Louisiana Revised Statute 48:394, enacted on June 30, 2008, specifies the manner and

---

10501, and this Court agrees with that analysis. *Union Pac. R.R. Co. v. La. Pub. Serv. Com'n*, No. 09-396, 2010 WL 2710536 (M.D. La. July 7, 2010).

7

venue in which disputes about the closure of private railroad crossings must be resolved, regardless of who owns the property. After the enactment of La. Rev. Stat. 48:394, Union Pacific had no right to close any private crossings unless it first applied to the Louisiana Public Service Commission ("LPSC"). Therefore, the Court denies Union Pacific's Motion for Summary Judgment on Plaintiffs' requests for declaratory and injunctive relief regarding the closure of any private crossings in existence on or after June 30, 2008.

However, Plaintiffs filed their Petition prior to the enactment of La. Rev. Stat. 48:394, and in it they state that Union Pacific had already "destroyed or obstructed" some of the private crossings. [Doc. No. 1, ¶ 16]. Acts creating new obligations do not apply retroactively in the absence of contrary legislative expression. *See Grambling State Univ. v. Walker*, 44,995, p. 8 (La. App. 2 Cir. Mar. 3, 2010); 31 So.3d 1189. Because La. Rev. Stat. 48:394 does not apply to private crossings closed prior to June 30, 2008, the Court must determine whether Plaintiffs must prove ownership to maintain their requests for declaratory and injunctive relief regarding these crossings.

Plaintiffs present the issue of ownership in an action for declaratory relief; therefore, the Court must grant judgment for the party "[w]ho would be entitled to the possession of the immovable property or real right therein in a possessory action . . . ." LA. CODE CIV. PROC. art. 3654(1). If neither party would be entitled to possession, the Court must render judgment in favor of the party "[w]ho proves better title . . . ." LA. CODE CIV. PROC. art. 3654(2). Thus, Plaintiffs are not required to prove ownership if they can prove possession or better title.

In its Reply to Plaintiffs' Response to its Motion for Summary Judgment, Union Pacific

8

argues that the five Plaintiffs who claim to be lessees [3] ("lessee Plaintiffs") and offer no evidence of ownership should be dismissed from the suit. [Doc. No. 83, pp. 3-4]. As noted above, Plaintiffs do not need to prove ownership to succeed in their suit. However, a plaintiff in a possessory action must be one who "possesses for himself," and "[a] predial lessee possesses for . . . his lessor, and not for himself." LA. CODE CIV. PROC. art. 3656. Further, petitory actions may also be brought only by one claiming ownership. LA. CODE CIV. PROC. art. 3651. These articles deny the lessee Plaintiffs standing to sue with regard to the private crossings closed prior to June 30, 2008. Therefore, the Court grants Union Pacific's Motion for Summary Judgment on the lessee Plaintiffs' claims with regard to the private crossings closed prior to June 30, 2008.

While Union Pacific contends that Plaintiffs do not have possession of the crossings, the four Plaintiffs who claim to be owners[4] ("owner Plaintiffs") aver and offer supporting evidence to show that they own the land over which the rights of way run and that they or their predecessors have used the crossings continuously since the grants of the rights of way.[5] [Doc. Nos. 25-2, 25-3, 25-4, 86-1, 86-2].

Union Pacific offers no evidence to contradict the owner Plaintiffs' averments and

---

[3] These include Plaintiffs Corey Farms, LLC; Faulk Farms, Inc.; Sherman Shaw; Mrs. T. P. Godwin; and William P. Nadler. [Doc. No. 25, p.2].

[4] These include Plaintiffs R.T. Faulk, III; Joanne Hodges; River Valley Properties; and McHenry Farms, LLC. [Doc. No. 25, p.2].

[5] Plaintiffs McHenry Farms, LLC; Mrs. T. P. Godwin; and William P. Nadler also offer evidence of a settlement proposal by Union Pacific. They argue that in the proposal Union Pacific acknowledges Plaintiffs' ownership interests, and it should, therefore, be estopped from now arguing that they have none. [Doc. No. 41]. This evidence is inadmissible under Federal Rule of Evidence 408, so the Court does not consider it.

9

deposition testimony that they own the property[6] and use the crossings, and it admits that its right to the subject property is based upon the operation of a railroad "right of way system" through the relevant area.[7] [Doc. No. 17-1, ¶¶ 1-2].

For purposes of summary judgment, the Court must accept the owner Plaintiffs' allegations regarding their use of the crossings as true. Accordingly, the Court finds that the owner Plaintiffs have raised genuine issues of material fact for trial as to whether they jointly possessed[8] the surface of the private crossings quietly and without interruption for more than a year. If the owner Plaintiffs prove these facts, they may be entitled to declaratory judgment and injunctive relief in their favor regarding the impropriety of Union Pacific's closure of any private crossings prior to June 30, 2008.[9] LA. CODE CIV. PROC. arts. 3654, 3663. Accordingly, the

---

[6] Union Pacific does argue that several of the owner Plaintiffs' purported title documents specifically exclude the rights of way from the lands conveyed to the owner Plaintiffs because they describe the lands as being bounded by the railroad rights of way. [Doc. No. 83, pp. 4, 5]. However, this argument fails under La. Rev. Stat. 9:2971, which provides that "[i]t shall be conclusively presumed that any transfer . . . affecting land described as . . . bounded by a . . . railroad, or other right of way, shall be held . . . to include all of grantor's interest in and under such . . . railroad, or other right of way . . . ."

[7] Union Pacific does not contend that it has ownership of the land over which the rights of way run.

[8] The owner Plaintiffs claim ownership of a real right to cross the rights of way, in other words, a real right to *joint* possession of the surface of the private crossings, stemming from their ownership of the property underlying the rights of way. By claiming Plaintiffs do not have this right and attempting to exclude them from exercising it, Union Pacific asserts its ownership of a real right to *exclusive* possession of the surface of the crossings.

[9] If the owner Plaintiffs prove these facts and the other elements of a possessory action set forth in La. Code Civ. Proc. art. 3658, they will be entitled to judgment in their favor on this issue unless Union Pacific proves it owns the right to exclusive possession of the surface of the rights of way. If the owner Plaintiffs cannot prove the elements of a possessory action, they may still obtain judgment in their favor on this issue if they prove better title, and the Court finds they have presented evidence sufficient to create a genuine issue of material fact regarding this, as well. LA. CODE CIV. PROC. art. 3654.

10

Court denies Union Pacific's Motion for Summary Judgment on the owner Plaintiffs' requests

for declaratory and injunctive relief regarding the closure of any crossings in existence prior to

June 30, 2008.

### b.    Maintenance of Natural Drainage

Union Pacific moves for summary judgment on all of Plaintiffs' claims on the basis that

Plaintiffs have not shown ownership of the subject property and, therefore, are not entitled to any

of the relief they seek. In their Petition, Plaintiffs claim that Union Pacific is obliged to maintain

the natural drainage of water across the rights of way and allege it is not satisfying that

obligation.

While Union Pacific argues that Plaintiffs must prove ownership to maintain their claims

asserting a property interest in the private crossings, it does not explain why it is necessary for

Plaintiffs to prove ownership to maintain their claim regarding Union Pacific's alleged

obligation to maintain natural drainage across the tracks. Because Union Pacific does not

sufficiently address this claim, the Court denies Union Pacific's Motion for Summary Judgment

on Plaintiffs' request that the Court declare Union Pacific is obliged to maintain natural drainage

across its rights of way and is not fulfilling that obligation.[10]

### 3.    Plaintiffs' Claims for Declaratory and Injunctive Relief

In light of its findings regarding Union Pacific's Motion for Summary Judgment, the

Court gives notice of its intent to *sua sponte* grant summary judgment in favor of Plaintiffs on

certain of their requests for declaratory and injunctive relief. If Union Pacific opposes the

Court's intended disposition of Plaintiffs' requests for relief, it shall file a memorandum in

---

[10] If Union Pacific believes it has a basis for summary judgment on this claim, it may re-
urge its Motion for Summary Judgment on this claim and address it directly.

11

·

opposition within fourteen (14) calendar days of the date of this Ruling and Judgment. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 641 (5th Cir. 2007) ("[W]hen the district court gives a party ten[11] days notice[,] a court may grant summary judgment *sua sponte* on grounds not urged in a pending motion."). Union Pacific's memorandum shall not exceed ten (10) pages.

### a. Plaintiffs' Requests for Declaratory Relief

Plaintiffs ask the Court to declare (1) that Union Pacific has only rights of way through their property; (2) that Plaintiffs have the right to access and use their land in a way not inconsistent with the use of the rights of way by Union Pacific; (3) that the private crossings constitute a reasonable use of Plaintiffs' land and do not unreasonably impose upon Union Pacific's use of its rights of way; (4) that the crossings previously destroyed and obstructed by Union Pacific were destroyed or obstructed improperly; and (5) that Union Pacific is obliged to maintain the natural drainage of water across the rights of way and is not satisfying that obligation.

The Court gives notice of its intent to *sua sponte* grant Plaintiffs' request that it declare that Union Pacific has only rights of way through the subject land. Union Pacific does not dispute that it operates its railroad via a system of rights of way through the relevant area, nor contend that it owns the property over which the rights of way run. [Doc. No. 17-1, ¶¶ 1-2].

The Court also gives notice of its intent to *sua sponte* grant in part Plaintiffs' request that it declare that the crossings destroyed and obstructed by Union Pacific were destroyed and obstructed improperly and without authorization. Any crossings closed on or after June 30, 2008, were improperly closed because La. Rev. Stat. 48:394 then required that Union Pacific

---

[11] Consistent with the recent amendments to the Federal Rules of Civil Procedure, the Court grants the parties fourteen (14) days to respond.

12

apply to the LPSC for authorization to close private crossings. However, issues of fact remain as
to whether the private crossings Union Pacific closed prior to June 30, 2008, were also closed
improperly and without authorization. Therefore, the Court reserves for trial Plaintiffs' request
that it declare that the crossings closed prior to June 30, 2008, were closed improperly and
without authorization.

### b. Plaintiffs' Requests for Injunctive Relief

Plaintiffs ask the Court to issue (1) a permanent injunction preventing Union Pacific from
closing any of the private crossings without prior written consent of the property owners, and (2)
a permanent injunction requiring Union Pacific to restore any private crossings it has previously
closed without prior written consent of the property owners.

A plaintiff seeking a permanent injunction must demonstrate:

(1) that it has suffered an irreparable injury; (2) that remedies available at law,
such as monetary damages, are inadequate to compensate for that injury; (3) that,
considering the balance of hardships between the plaintiff and defendant, a
remedy in equity is warranted; and (4) that the public interest would not be
disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Louisiana law enacted while this case was stayed clearly prohibits Union Pacific from
closing the private crossings without authorization from the LPSC. However, Union Pacific
continues to assert its right to close the crossings, without acknowledgment of this requirement.
If Union Pacific carries out its plans to close the private crossings, it will be flaunting the law
and denying Plaintiffs their opportunity to be heard before the LPSC. The Court finds that,
under these circumstances, an equitable remedy is warranted and serves the public interest.
Therefore, the Court gives notice of its intent to *sua sponte* grant Plaintiffs a permanent
injunction preventing Union Pacific from closing any existing private crossings unless or until it

13

receives authorization from the LPSC.

The Court also gives notice of its intent to *sua sponte* grant Plaintiffs conditional injunctive relief as to private crossings that were closed on or after June 30, 2008. Because it is undisputed that Union Pacific failed to comply with La. Rev. Stat. 48:394, Union Pacific must either reopen any private crossings closed on or after June 30, 2008, or apply to the LPSC for authorization for the closures within thirty (30) days of the entry of the Court's judgment on this issue.

### 4.     Union Pacific's Counterclaim for Declaratory and Injunctive Relief

In its Counterclaim, Union Pacific asks the Court to grant it declaratory relief stating that (1) the private crossings are not authorized and unduly interfere with and/or unreasonably burden Union Pacific's property rights and rights of way; (2) Union Pacific has the right to remove or close the private crossings; and (3) Plaintiffs have no right to the private crossings. Union Pacific further asks the Court to grant it injunctive relief ordering that (1) Plaintiffs are prohibited from interfering with the removal and closure of the private crossings; and (2) Plaintiffs are prohibited from constructing or creating private crossings without Union Pacific's written consent.

The Court gives notice of its intent to *sua sponte* dismiss Union Pacific's requests for declaratory relief with regard to any existing crossings or crossings closed on or after June 30, 2008, and injunctive relief prohibiting Plaintiffs from interfering with the closure of the private crossings. Under La. Rev. Stat. 48:394, this Court is no longer the appropriate forum for Union Pacific's claims that it should be allowed to close these crossings. The Court reserves for trial Union Pacific's requests for declaratory relief with regard to crossings closed prior to June 30, 2008.

14

The Court also gives notice of its intent to *sua sponte* dismiss Union Pacific's request for an injunction prohibiting Plaintiffs from constructing or creating private crossings without Union Pacific's written consent. Union Pacific's Counterclaim does not allege that Plaintiffs have threatened or attempted to create any new private crossings, and there is no evidence before the Court that Plaintiffs have done so; therefore, there is no conduct to be enjoined.

If Union Pacific opposes the dismissal of these claims, it shall file a memorandum in opposition within fourteen (14) calendar days of the date of this Ruling and Judgment. *See Lozano v*, 489 F.3d at 641 (5th Cir. 2007). Union Pacific's memorandum shall not exceed ten (10) pages.

## III.    CONCLUSION

For the reasons above, the Court GRANTS IN PART and DENIES IN PART Union Pacific's Motion for Summary Judgment. The Court GRANTS Union Pacific's Motion for Summary Judgment on the lessee Plaintiffs' claims with regard to the private crossings closed prior to June 30, 2008. The Court DENIES Union Pacific's Motion for Summary Judgment on Plaintiffs' remaining claims.

Additionally, the Court gives notice of its intent to *sua sponte* grant summary judgment in favor of Plaintiffs on certain of their requests for declaratory and injunctive relief.

The Court intends to *sua sponte* grant Plaintiffs' request that it declare that Union Pacific has only a right of way through the subject land. The Court also intends to *sua sponte* grant in part Plaintiffs' request that it declare that the crossings destroyed and obstructed by Union Pacific were destroyed and obstructed improperly and without authorization with regard to any crossings closed on or after June 30, 2008. However, the Court reserves for trial Plaintiffs' request that it declare that the crossings closed prior to June 30, 2008, were closed improperly

15

and without authorization.

The Court also gives notice of its intent to *sua sponte* grant Plaintiffs a permanent injunction preventing Union Pacific from closing any existing private crossings unless or until it receives authorization from the LPSC. Additionally, the Court gives notice of its intent to *sua sponte* grant Plaintiffs conditional injunctive relief requiring Union Pacific to either reopen any private crossings closed on or after June 30, 2008, or apply to the LPSC for authorization for their closure within thirty (30) days of the entry of the Court's judgment on this issue.

Finally, the Court gives notice of its intent to *sua sponte* dismiss Union Pacific's requests for declaratory relief with regard to any existing crossings or crossings closed on or after June 30, 2008; injunctive relief prohibiting Plaintiffs from interfering with the closure of the private crossings; and injunctive relief prohibiting Plaintiffs from constructing or creating private crossings without Union Pacific's consent. The Court reserves for trial Union Pacific's requests for declaratory relief with regard to crossings closed prior to June 30, 2008.

If Union Pacific opposes the Court's intended disposition of Plaintiffs' claims or the partial dismissal of its Counterclaim, it shall file a memorandum in opposition within fourteen (14) calendar days of the date of this Ruling and Judgment. Union Pacific's memorandum shall not exceed ten (10) pages.

Monroe, Louisiana, this 22 day of August, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE