UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| R.T. FAULK, III, ET AL. | CIVIL ACTION NO. 07-0554 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNION PACIFIC RAILROAD COMPANY | MAG. JUDGE MARK L. HORNSBY |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Union Pacific Railroad Company's ("Union Pacific") "Motion for Entry of Final Judgment Under Rule 54 and/or for Certification that Judgment is Immediately Appealable and Stay" [Doc. No. 166]. Plaintiffs have not filed a response to the motion.

On April 22, 2013, Union Pacific filed a notice of appeal [Doc. No. 165] of the Court's March 22, 2013 Ruling [Doc. No. 161] and Judgment [Doc. No. 162]. According to Union Pacific, the parties believe that the Court's March 22, 2013 Judgment in this case should be final and appealable and thus Union Pacific moves the Court for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). In the alternative, Union Pacific moves the Court for certification for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

After consideration, the Court finds that this matter should be certified for interlocutory appeal. The Court has not resolved all pending claims among the parties. However, this does not prevent the Court from entering final judgment under Rule 54(b) if it expressly determines that there is no just reason for delay.

The Court has also considered the language in the opinion of the United States Court of

Appeals for the Fifth Circuit. In its opinion, the Fifth Circuit vacated this Court's holding that La. Rev. Stat. 48:394 is constitutional and remanded "for a determination of the respective property rights of the private landowners and Union Pacific to the private railroad crossings at issue." [Doc. No. 133 at p.12]. The Court has now made that determination. However, the Fifth Circuit further stated that if Union Pacific "has ownership rights over the railroad crossings, the record will be sufficiently developed at that time to permit a ruling regarding the constitutionality of [La. Rev. Stat.] 48:394," indicating that Union Pacific could only challenge the statute if it had ownership rights. *Id.* This Court determined that Union Pacific did **not** have ownership rights over the railroad crossings. The parties agree that Union Pacific's servitudes over Plaintiffs' land constitute real rights which permit it to challenge the constitutionality of La. Rev. Stat. 48:394, in addition to its challenge of the Court's determination of ownership interests. The Fifth Circuit may not agree. Given this uncertainty, the Court finds that certification for interlocutory appeal, not entry of final judgment, is appropriate. Accordingly,

IT IS ORDERED that Union Pacific's motion is GRANTED IN PART and DENIED IN PART. To the extent that Union Pacific moves the Court for entry of final judgment, the motion is DENIED. To the extent that Union Pacific moves the Court for certification for interlocutory appeal and for a stay, the motion is GRANTED. The Court's March 22, 2013 Judgment is certified for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), and amended to include the following statement: "The Court's granting of Plaintiffs' Motion for Summary Judgment and denial of Defendant's Motion for Summary Judgment involve controlling questions of law as to which there are substantial grounds for differences of opinion, and an immediate appeal from the Court's Judgment may materially advance the ultimate termination of the litigation."

The Court certifies the following questions of law to the United States Court of Appeals for the Fifth Circuit:

(1) If Union Pacific does not have ownership rights to the private railroad crossings, does it have standing to challenge Louisiana Revised Statute 48:394 ("the Act")?

(2) If so, is the Act constitutional under the United States and Louisiana Constitutions?

IT IS FURTHER ORDERED that all proceedings in this matter are STAYED pending the outcome of the interlocutory appeal.

MONROE, LOUISIANA, this 20th day of May, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE